UNITED STATES DISTRICT COURT
DISCTRICT OF MASSACHUSETTS

C.A. No.

MAGISTRATE JUDGE Dein

MARTIN K. MICHELMAN,
    Plaintiff,

v.

SUFFOLK COUNTY, SUFFOLK
COUNTY SHERIFF'S DEPARTMENT, and
ANDREA J. CABRAL, IN HER OFFICIAL
AND INDIVIDUAL CAPACITIES
    Defendant.

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1___
WAIVER FORM ___
MCF ISSUED___
BY DPTY. CLK. Tom
DATE 7/27/05

## COMPLAINT AND DEMAND FOR JURY TRIAL

A.  PRELIMINARY STATEMENT

This is an action in law and equity for damages and other relief caused by the unlawful termination of the Plaintiff, Martin K. Michelman, from his position with the Suffolk County Sheriff's Department. This case is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution. Federal jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

B.  PARTIES TO THE ACTION

1.  The Plaintiff Martin Michelman resides at 7 Northfield Road, Peabody, Massachusetts.

2.  Defendant Suffolk County Sheriff's Department is responsible for the inmates and personnel at certain correctional facilities located within Suffolk County. Defendant

Suffolk County Sheriff's Department maintains an office at Jail, 200 Nashua Street, Boston, Massachusetts.

3.  Defendant Suffolk County is a Massachusetts county government of which the Department is an instrumentality.

4.  Defendant Andrea Cabral has been Sheriff of Suffolk County since approximately December 2002. At all relevant times, Defendant Cabral held the authority to remove employees of the department, including the Plaintiff. Upon information and belief, Defendant Cabral is a resident of the Commonwealth of Massachusetts.

COUNT I – WRONGFUL TERMINATION--
42 U.S.C. § 1983

5.  During the relevant period of time, Plaintiff was employed to work in the Suffolk County Sheriff's Department. As of June 1, 2004, Plaintiff served in the position of Deputy Superintendent of Training and Special Operations.

6.  As Deputy Superintendent of Training and Special Operations, Plaintiff was an at-will employee.

7.  In the Spring of 2004, planning and preparations were underway for security during the period in which DNC convention activities would occur in Boston.

8.  In or about March, April and/or May 2004, at a number of meetings, Plaintiff made statements to the effect that he believed that more staff, than was planned, should be trained and assigned to assist the department in an emergency situation, and that different types of training, than was planned, be provided.

9.  At a meeting on or about April 30, 2004, Plaintiff suggested that 70 individuals receive perimeter control training, but Deputy Superintendent of Investigations Theiss rejected the suggestion.

10. With regard to the Jail and House of Corrections, the plan in place was to staff the Jail and the House of Corrections with a few more staff than usual, and rely on the Boston Police or Metrolec (a combination of city and town police who do not ordinarily work together), to assist in an emergency situation at the prison(s). According to the plan, the Boston Police Department or Metrolec contingent would be stationed a few miles away at Madison Park High School.

11. In or about mid-May 2004, Plaintiff spoke with Richard Wells, Deputy Chief of the Milton Police, Commanding Officer of the Metrolec Special Tactics and Response Division. Wells told Plaintiff that the House of Corrections had to be more thoroughly fortified, with a greater presence of staff and dogs. The conversation confirmed for Plaintiff that more staff, than planned, was necessary. Plaintiff informed his superiors concerning the conversation with Wells. In addition, Plaintiff was present at a meeting in which Wells communicated his suggestion for a stronger security presence to Deputy Superintendent of Investigations Theiss.

12. On or about May 24, 2004, Elizabeth Keeley, Chief of Staff wrote an e-mail to Plaintiff stating, "Thank you for being responsive to the training needs for our DNC preparation. However, we are **not** going to have a tactical response team, therefore, we are not in need of nor are we going to have any tactical training in preparation for the DNC." Plaintiff discussed this e-mail with others.

13. On or about May 21, 2004, Plaintiff met with Captain Scaduto and discussed options for training in preparation for the DNC convention. On or about May 23, 2004, Captain Scaduto sent Superintendent Horgan a memorandum advocating that Plaintiff's suggestions for training be implemented.

14. On or about June 10, 2004, Plaintiff conducted a command staff training in preparation for the DNC convention events in July. The goal of the training was to prepare the staff to protect and control the Jail and the House of Corrections, in an emergency situation in the context of the DNC convention. Plaintiff truthfully communicated the plans as they stood at the time.

15. In light of Plaintiff's statements concerning the plans, some of the participants became concerned that that the plans were insufficient to guarantee the safety of the prisons. They asked why the department was not doing more to prepare for emergency situations. They further asked whether Deputy Superintendent Theiss was responsible for the plan. They asked what they should do about their concerns about the plan, and Plaintiff responded that they should speak with the Superintendent.

16. Plaintiff made his statements in the interest of public health and safety.

17. Based on the Plaintiff's statements made on or about June 10, 2005, Defendant Cabral decided to effectuate Plaintiff's termination.

18. On June 11, 2004, Plaintiff met in the morning with Deputy Superintendent of Investigations Theiss and Superintendent of the House of Corrections Horgan. At this meeting, they said that they received telephone calls from participants in the class who said that Plaintiff said that the Department was not doing enough in preparation for the DNC, that the department was insufficiently prepared, and that if they did not like it, they should call the Superintendent. They said words to the effect that even if Plaintiff did not agree with the plan, that he should not have expressed any disapproval of the plan. Plaintiff was instructed not to speak at the subsequent command staff meeting concerning the DNC.

19. On June 11, 2004, after the command staff meeting, Plaintiff met again with Theiss, Horgan and Superintendent of the Jail Sumpter. They asked Plaintiff to explain what happened in the class and Plaintiff did so.

20. As of June 11, 2004, Plaintiff was placed on administrative leave without pay.

21. By a letter dated June 11, 2004, written by Elizabeth Keeley, Chief of Staff at the Suffolk County Sheriff's Department, Plaintiff was informed that there would be a hearing to determine whether there was just cause to terminate his employment. The letter stated: "Your conduct at this training constituted insubordination as you presented the Department in an unfavorable light in its preparedness for the DNC events."

22. The June 11, 2004 letter contained a number of other false and pretextual reasons for initiating Plaintiff's termination.

23. A pre-termination hearing was scheduled. However, Plaintiff had no legal or contractual right to a pre-termination hearing.

24. On June 16, 2004, a pre-termination hearing took place before Hearing Officer Charles Abate. At the hearing, Defendants advanced numerous false and pretextual reasons for termination.

25. By letter dated June 21, 2004, Mr. Michelman was informed that "hearing officer Charles Abate has determined that there is just cause for your termination from the Suffolk County Sheriff's Department."

26. Defendant Cabral was the final decision maker, who was responsible for initiating Plaintiff's termination.

27. Defendant Cabral has, on other occasions, retaliated against other employees based on their First Amendment protected speech and/or political affiliation.

28.  By letter dated April 26, 2005, James M. Davin, Deputy General Counsel for the Suffolk County Sheriff's Department, stated that Plaintiff was "not entitled to a hearing."

29.  Plaintiff was terminated in violation of his First Amendment rights to freedom of speech and association, as implemented by 42 U.S.C. § 1983.

30.  As a result of the unlawful termination, Plaintiff suffered lost pay and benefits, and suffered emotional distress, for which he seeks compensation.

**Wherefore, the Plaintiff requests that this Court order:**

- a. that the Defendant(s) compensate Plaintiff for any loss of wages and/or benefits incurred as a result of his termination;

- b. that the Plaintiff be awarded an amount of money which will fairly compensate him for his emotional and physical pain and suffering;

- c. that the Plaintiff be awarded attorney's fees and costs.

- d. that the Defendant Sheriff Cabral be ordered to pay the Plaintiff punitive damages.

- e. that the Defendants pay the Plaintiff interest on any judgment entered from the time of filing of this suit;

- f. such relief as may be just and proper and/or which will make the Plaintiff whole.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS OF HIS COMPLAINT.

The Plaintiff,
By his Attorneys

*Kevin Powers* (signature)

Kevin G. Powers, BBO #405020
Robert S. Mantell, BBO #559715
Rodgers, Powers & Schwartz
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 742-7010

Michelman complaint

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Michelman v. Suffolk County, Suffolk County Sheriff's Dept.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

    ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    (05 handwritten)

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kevin G. Powers
ADDRESS Rodgers, Powers & Schwartz, LLP, 18 Tremont St, Suite 500
TELEPHONE NO. Boston, MA 02108   617 742-7010

(COVER SHT-08/90)                                                    APPENDIX C

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Martin K. Michelman

**DEFENDANTS** Suffolk County, Suffolk County Sheriff's Dept, Andrea J. Cabral

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Kevin G. Powers, Rodgers, Powers + Schwartz LLP, 18 Tremont St. Suite 500, Boston, MA 02108 (617) 742-7010

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 380 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | |
| ☐ 290 All Other Real Property | | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983 -- Retaliation for speech protected by the First Amendment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/27/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___