UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
MARTIN K. MICHELMAN,            ]
            Plaintiff,            ]
                        ]
v.            ]
                        ]  Civil Action No. 05-CV-11577-RGS
SUFFOLK COUNTY, SUFFOLK            ]
COUNTY SHERIFF'S DEPARTMENT,    ]
and ANDREA J. CABRAL, In Her Official ]
And Individual Capacities,            ]
            Defendants.            ]
_____]

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
AND JURY DEMAND**

    The Defendants Suffolk County, Suffolk County Sheriff's Department and Andrea J. Cabral through their attorney, Kathleen M. Cawley, hereby submit their answer to the Plaintiff's Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiff's Complaint.

    **A.**    **Preliminary Statement**

    The Plaintiff's Preliminary paragraph contains statements that require no response and/or statements of law that require no response.

    **B.**    **Parties to the Action**

1.    The Defendants have insufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.    Admitted.

3.    Admitted.

4.    Admitted.

COUNT 1- WRONGFUL TERMINATION
42 U.S.C. § 1983

5.    Admitted.

1

6. Admitted.

7. Admitted.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of Plaintiff's Complaint, which allegations are thereby denied.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of Plaintiff's Complaint, which allegations are thereby denied.

10. The Defendants deny the allegations contained in the first sentence of paragraph 10 of the Complaint so far as the complaint alleges "a few more staff" than usual was planned. The Defendants admit the plan called for the utilization of the Boston Police or Metrolec. The Defendants admit that one location for the contingent was Madison Park High School.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of Plaintiff's Complaint, which allegations are thereby denied.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of Plaintiff's Complaint, which allegations are thereby denied.

13. The Defendants admit that Plaintiff met with Captain Scaduto on or about May 21, 2004 and that one topic discussed was training for the DNC. Defendants admit on or about Mary 23, 2004 Captain Scaduto sent a memorandum to Superintendent Horgan. Defendants deny the memorandum advocated Plaintiff's suggestions for training.

14. Defendants admit that Plaintiff conducted a command staff training session on June 10, 2004. Defendants deny Plaintiff's characterization of the goal of the training. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph fourteen which allegations are thereby denied.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of Plaintiff's Complaint, which allegations are thereby denied.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of Plaintiff's Complaint, which allegations are thereby denied.

17. Denied.

18. Defendants admit Plaintiff participated in meeting with Theiss and Horgan on June 11, 2004. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conversation that took place during said meeting. Defendants admit Plaintiff was instructed not to speak at the scheduled command staff meeting concerning the DNC.

19. The Defendants admit that Plaintiff met with Theiss, Horgan and Sumpter on June 11, 2004. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph nineteen.

20. Admitted.

21. Admitted.

22. Denied.

23. The Defendants admit a pre-termination hearing was scheduled. The second sentence in paragraph twenty-three contains a conclusion of law that requires no response. To the extent a response is required, Defendants deny the second sentence of paragraph twenty-three.

24. The Defendants admit a pre-termination hearing took place before Hearing Officer Charles Abate on June 16, 2004. Defendants deny the second sentence of paragraph twenty-four.

25. Admitted.

26. Defendants admit that Defendant Cabral was the final decision maker with regard to Plaintiff's termination. Defendants deny Cabral was responsible for "initiating Plaintiff's termination".

27. Denied.

28. Admitted.

29. The Defendants state that paragraph number twenty-nine contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of this paragraph.

30. The Defendants state that paragraph number thirty contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of this paragraph.

## Affirmative Defenses

1. The Complaint fails to state a claim against the defendant upon which relief can be granted and therefore the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

2. The Statue of Limitations bars the Plaintiff's action.

3. Defendant Cabral is entitled to qualified immunity and therefore not liable under 42 U.S.C. §1983.

4. The doctrine of respondeat superior does not apply to § 1983 claims, and the plaintiff cannot establish that Suffolk County was the moving force behind any constitutional tort.

5. The Defendants were at all times relevant to the Plaintiff's Complaint acting with official discretion with an objectively reasonable belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known.

6. The Plaintiff did not engage in any protected speech.

7. The Plaintiff is estopped from recovering any judgment against the Defendants by his conduct and action.

8. The Plaintiff's claims for punitive damages are in violation of the provisions of the United States Constitution and the statutes and the Constitution of the Commonwealth of Massachusetts, and therefore the Plaintiff is not entitled to recover punitive damages.

9. The Suffolk County Sheriff's Department is not a legal entity subject to suit.

10. The Plaintiff was an at-will policymaking/confidential employee.

11. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its answer and to assert any such defense by appropriate motion.

**Wherefore,** The Defendants Request This Court Deny Plaintiff's Request For Relief.

5

**<u>Jury Demand</u>**

The Defendants hereby demand a trial by jury on all claims so triable.

                                          Respectfully submitted for,
                                          The Suffolk County Defendants
                                          By,

Date: October 3, 2005                        <u>/s/ Kathleen M. Cawley</u>_____
                                          Kathleen M. Cawley
                                          BBO#551202
                                          Assistant General Counsel
                                          200 Nashua Street
                                          Boston, MA 02114
                                          (617) 961-6680