UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN K. MICHELMAN,<br>Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT, and<br>ANDREA J. CABRAL, IN HER OFFICIAL<br>AND INDIVIDUAL CAPACITIES<br>Defendant. | C.A. No. 05-CV-11577 |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES
NOS. 9, 10 AND 11, AND DOCUMENT REQUEST 9**

Plaintiff Martin K. Michelman hereby moves to compel Defendant Suffolk County Sheriff's Department (SCSD) to respond to interrogatories nos. 9, 10, and 11 and document request 9. This is a wrongful discharge action filed pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that he was terminated for conduct and statements which were protected by the First Amendment. Defendants assert that the Plaintiff was terminated for performing his job in an unsatisfactory manner. The Plaintiff timely served discovery requests on SCSD to obtain information relating to why Defendant(s) ostensibly believed that Plaintiff was not satisfactorily performing his job, and to gain information concerning the location of various witnesses.

As will be shown, SCSD responded to the requests using overbroad objections and non-specific answers. Exhibit 1 contains the discovery requests in dispute, and SCSD's responses. On February 8, 2006, the Plaintiff initiated a telephonic Local Rule

37 conference to resolve the discovery disputes. Plaintiff followed up by letter on March 7, 2006, a telephone call on March 15, and another telephone call on May 12, 2006. See Exhibit 2. However, the parties have been unable to resolve the disputes contained herein.

## WITNESS INFORMATION

Plaintiff sought the names, addresses and telephone numbers of witnesses, so that they could be subpoenaed for purposes of deposition and trial. Moreover, Plaintiff is interested on potentially contacting witnesses on an ex parte basis, out of the earshot of defendants' counsel, as is his right. Messing, Rudavsky & Weliky, P.C. v. President and Fellows of Harvard College, 436 Mass. 347 (2002) (Ethical Rule 4.2 liberally interpreted to permit many ex parte communications). Thus, Plaintiff requested that Defendants' attorneys specify which potential witnesses are currently represented by its attorneys. Plaintiff's interrogatory and Defendants' response appears as follows:

11. Identify the full names, work and residential addresses, and work and residential telephone numbers of the following individuals and further identify the attorney, if any, that represents each individual for the purposes of this litigation:

   a) Andrea Cabral, Sheriff;
   b) Elizabeth Keeley, Chief of Staff;
   c) Gerard Horgan, Superintendent;
   d) Viktor Theiss, Superintendent;
   e) Eugene Sumpter, Superintendent;
   f) Keith Medeiros, Lieutenant;
   g) Michael Harris, Superintendent;
   h) Susan Grimes, Assistant Personnel Director;
   i) William Sweeney, Director, Personnel;
   j) John Scaduto, Captain;
   k) Charles Abate, Esq.;
   l) James Davin, Esq.;
   m) Captain Richard Brown;
   n) Captain Charles Scoby;
   o) Captain Richard Flynn;
   p) Lieutenant Richard Curtin;

    q)     Lieutenant Charles Bailey;
    r)     Captain Sherman Horton;
    s)     Captain Francis Kain
    t)     Lieutenant Robert Pizzi;
    u)     Lieutenant Daniel Ryan;
    v)     Captain Michael Colwell;
    w)     Captain Kevin Janielis;
    x)     Captain Richard Coleman;
    y)     Lieutenant Matthew Mullen;
    z)     Sergeant Richard Rosetti;
    aa)     Lieutenant Kevin Pollard;
    bb)     Thomas Martin;
    cc)     Lieutenant John O'Connor;
    dd)     Lieutenant Timothy Fistori;
    ee)     Mary Ellen Mastrorelli;
    ff)     Clifford Carney, ADS;
    gg)     Gerald Walsh, ADS;
    hh)     Lieutenant Owen Julius;
    ii)     Sheriff Robert J. Garvey;
    jj)     Richard Tranfaglia;
    kk)     Marie Lockhart;
    ll)     Marc Fountain;
    mm)     David Agnew; and
    nn)     Vincent Morrison.

Response:     Defendant objects to the portion of the Interrogatory which requests residential address and phone numbers of staff because, pursuant to M.G.L. ch. 66, §10 (d) "the home address and home telephone number of...correctional and any other public safety and criminal justice system personnel shall not be public records in the custody of the employers of such personnel .. and shall not be disclosed." All employees may be reached through counsel for the Defendant. At this time, Defendant has no information regarding independent counsel for any non-employees listed above. Kathleen M. Cawley, counsel for the Defendant represents Sheriff's Department employees for purposes of the instant litigation.

    a)   Andrea Cabral, Sheriff— House of Correction;
    b)   Elizabeth Keeley, Chief of Staff— House of Correction;
    c)   Gerard Horgan, Superintendent -- House of Correction;
    d)   Victor Theiss, Superintendent -- House of Correction;
    e)   Eugene Sumpter, Superintendent -- Nashua Street Jail;
    f)   Keith Medeiros, Lieutenant -- Chelsea
    g)   Michael Harris, Superintendent -- House of Correction;
    h)   Susan Grimes, Assistant Personnel Director -- House of Correction;
    i)   William Sweeney, Director, Personnel -- House of Correction;
    j)   John Scaduto, Captain;

k) Charles Abate, Esq. -- House of Correction;
l) James Davin, Esq. -- Nashua Street Jail;
m) Captain Richard Brown -- House of Correction;
n) Captain Charles Scoby -- House of Correction;
o) Captain Richard Flynn -- Nashua Street Jail;
p) Lieutenant Richard Curtin -- House of Correction;
q) Lieutenant Charles Bailey -- House of Correction;
r) Captain Sherman Horton -- House of Correction;
s) Captain Francis Kain -- House of Correction;
t) Lieutenant Robert Pizzi -- House of Correction;
u) Lieutenant Daniel Ryan -- Nashua Street Jail;
v) Captain Michael Colwell -- Nashua Street Jail;
w) Captain Kevin Janielis -- Nashua Street Jail;
x) Captain Richard Coleman -- Nashua Street Jail;
y) Lieutenant Matthew Mullen -- Nashua Street Jail;
z) Sergeant Richard Rosetti -- Nashua Street Jail;
aa) Lieutenant Kevin Pollard -- Nashua Street Jail;
bb) Thomas Martin -- Nashua Street Jail;
cc) Lieutenant John O'Connor -- Nashua Street Jail;
dd) Lieutenant Timothy Fistori -- House of Correction;
ee) Mary Ellen Mastrorelli;
ff) Clifford Carney, ADS -- Nashua Street Jail;
gg) Gerald Walsh, ADS -- House of Correction;
hh) Lieutenant Owen Julius -- House of Correction;
ii) Sheriff Robert J. Garvey;
jj) Richard Tranfaglia;
kk) Marie Lockhart -- House of Correction;
ll) Marc Fountain -- Chelsea;
mm) David Agnew -- House of Correction; and
nn) Vincent Morrison -- House of Correction.

The work information for individuals listed above at the House of Correction is:

    Suffolk County House of Correction
    20 Bradston Street
    Boston, MA 02114
    (617) 635-1000

The work information for the individuals listed above at the Nashua Street Jail is:

    Suffolk County Jail
    200 Nashua Street
    Boston, MA 02114
    (617) 635-1100

The work information for the individuals listed above in Chelsea is:

Suffolk County Sheriff's Department
Training Division
180 Crescent Street
Chelsea, MA 02150
(617) 961-6920

The individuals without a designation are no longer employees. Defendant declines to release their last known addresses at this time for the reasons stated above.

## Argument

Defendant's refusal to provide contact information in the form of residential addresses and telephone numbers, for present and former employees and other witnesses, is unworkable. Plaintiff needs this information in order to subpoena witnesses in this case and to contact important witnesses for the purposes of fact-gathering. On February 8 and March 7, 2006, Plaintiff agreed to execute a confidentiality stipulation in order to obtain the contact information. See Exhibit 2. On March 15, 2006, attorney for defendants Kathleen Cawley, Esq. stated that she would prepare a confidentiality stipulation to sign. However, no stipulation was ever sent to Plaintiff.

While Defendant objects on the basis of the Massachusetts Public Records Act, that statute does not limit discovery in Massachusetts, much less cases in Federal Court for claims arising under Federal statutes. Doe v. Lyons, 6 Mass. L. Rptr. No. 13, 274, 277 (February 24, 1997). The exemptions in the statute mean only that a custodian is not compelled by the Public Record Act to disclose documents to the public; the exceptions do not prohibit responses to discovery requests. See e.g. Westinghouse Broadcasting Co. v. Sergeant-at-Arms of the General Court, 375 Mass. 179, 185 n.9 (1978); Town Crier, Inc. v. Chief of Police, 361 Mass. 682, 691-2 (1972). "Nothing in the Public Records Act ... limits discovery from custodians of public records." Doe, supra, at 277; Babets v.

5

Secretary of Human Services, 403 Mass. 230, 237 n.8 (1988) (Public Records Act G.L. c. 66 as it applies to the definition of "public records" found in G.L. c. 4, § 7 does not create any sort of privilege for "non-public records"). Therefore, the statutory provisions cited by Defendant do not bar discovery, especially given the Plaintiff's willingness to sign a confidentiality order.

Defendant also asserts that its attorney represents all current employees of the SCSD. This is a complete exaggeration, and has been asserted only to prevent Plaintiff from performing informal discovery by interviewing witnesses on an ex parte basis. Messing, Rudavsky & Weliky, P.C. v. President and Fellows of Harvard College, 436 Mass. 347 (2002). Defendants' assertion that its attorney represents all of its employees, no matter how low of a level they are, was proved to be fallacious during the parties' May 12, 2006 telephonic conference. At that time, Attorney Cawley stated that she probably only represented "Captains and above," and promised to provide some written confirmation of who was represented. No such supplemental statement has been provided. However, it is clear from this conversation that contrary to the interrogatory response, that no specific attorney/client relationship had been established between SCSD's attorney and all of its employees on the list. It was clear that the defendants' attorney had no firm idea of who she believed that she represented.

Some individuals on this list are members of unions, who would no doubt be shocked to learn that they are represented in this matter by the employer's attorney. Defendant's exaggerated assertion as to who it represents has the effect of preventing the plaintiff's attorney from initiating ex parte discussions with fact witnesses. It is especially troubling where a governmental entity acts to chill free speech among its

6

employees and civil rights lawyers; it is more than ironic that this very case is all about the SCSD's attempts to chill Plaintiff's right to free speech.

Defendant should be compelled to identify who on interrogatory list is represented by SCSD's attorney. Since Defendant has a history of blithely stating that its attorneys represent all employees, Defendant's attorneys should be compelled to demonstrate a current, on-going representation of SCSD's employees with written documentation signed by said employees, in which they accept representation by Defendants' attorney.

Thus, Defendant should be required to provide residential contact information of witnesses, and it should be required to identify who its lawyers represent, supported in writing by statements from its "clients."

### EVIDENCE OF UNSATISFACTORY JOB PERFORMANCE

Defendants assert that the Plaintiff was terminated due to unsatisfactory performance. Defendants assert numerous reasons why Plaintiff's performance was allegedly unsatisfactory, but these reasons are vague and non-specific. Thus, Plaintiff submitted interrogatories to determine what he did that was unsatisfactory, to which the Defendants objected.

9. Identify each and every communication and document relating to Plaintiffs qualifications and/or job performance, including without limitation:

    a) whether Plaintiff was able or qualified to perform his job;
    b) whether Plaintiff had been satisfying the requirements of his job;
    c) whether Plaintiff had been or should be warned, counseled, reprimanded, disciplined or terminated.;
    d) whether Plaintiff has violated any rule or procedure relating to his employment.

Response:    The Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, nonspecific, unfairly vague, ambiguous and

>   therefore not likely to lead to the disclosure of discoverable information. Without waiving and subject to the general and specific objections listed above Defendant states Plaintiffs personnel file may contain some such documents responsive to this request. See also, response No. 18 to Plaintiff's request for production of documents.

10. State each and every fact supporting the Defendant's contention, if it so contends, that the Plaintiff performed any of his jobs or positions with Defendant in an unsatisfactory manner. In response to this interrogatory, provide a description of all instances in which Plaintiff performed in an unsatisfactory manner, including:

   a) a description of the instance;
   b) the date and time of the instance;
   c) the time and location that the instance took place;
   d) a full identification, including last known addresses and telephone numbers, of all individuals who witnessed each instance; and
   e) an identification of any document(s) relating to or describing the instance.

Response:   The Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, nonspecific, vague, ambiguous and therefore not likely to lead to the disclosure of discoverable information. Without waiving and subject to the general and specific objections listed above Defendant states that Exhibits 1 and 2 attached to Plaintiffs Requests sets forth some of the reasons why Plaintiff's job performance was unsatisfactory.

Defendants provided these vague, non-responsive "responses," which simply referenced some documents produced by Defendants. Plaintiff then took the deposition of Defendants' agents, Sheriff Cabral and former Chief of Staff Elizabeth Keeley. These individuals testified to a number conversations concerning Plaintiff's allegedly poor work performance that were not documented or noted in Defendants' document production. Moreover, their recollections about various incidents were vague and muddled.

Given that it is Defendants' burden in a discrimination case to articulate the specific reasons why it made the adverse employment decision, it is not too much to ask to have Defendant identify each and every specific reason why it contends that Plaintiff did an unsatisfactory job, and to identify and describe communications relating to the

decision. Plaintiff is entitled to know what happened, and who witnessed each event. Defendant SCSD should be required to investigate and refresh its collective recollection concerning these central issues, as opposed to relying on foggy memories that are difficult to address or rebut. Interrogatories such as nos. 9 and 10 are central to every employment discrimination case. This Court should compel specific responses to permit the Plaintiff a full and fair opportunity to demonstrate the pretextual nature of those reasons. Defendant should not be permitted, at trial, to rely on alleged unsatisfactory performance or misconduct which has not been specifically identified in response to these interrogatories.

### AFFIDAVITS AND TRANSCRIPTS

Document Request 9 requested:

All statements, affidavits or testimony transcripts of present or former employees of Defendant relating to the subject matter of this case.

Response:   Defendant objects to this request on the ground that [] is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information. Defendants further object to this request on the grounds or [sic] attorney-client privilege and the work product doctrine.

In the parties' discovery conference, the Plaintiff requested a privilege log to support Defendants' assertion of privilege. No such privilege log has been provided. Defendants should be compelled to produce a privilege log, and or should be compelled to provide a full and complete response to the document request. Furthermore, there is nothing vague, overbroad, or overly burdensome about this simple request. Defendant should be required to respond fully.

WHEREFORE, Defendant should be compelled to respond to Interrogatories no. 9, 10 and 11 and document request 9. The Court should order that Defendants shall not

be able to assert or raise any evidence of unsatisfactory performance or misconduct by Plaintiff at trial, which has not been specifically identified in response to interrogatories 9 and 10. The Court should order that SCSD's responses and/or privilege logs should be provided to Plaintiff within 20 days. Finally, the Court should order than any assertion by SCSD that an SCSD lawyer represents an individual person (other than Sheriff Cabral) must be supported by a statement signed by such person, or else it will be deemed that the individual is not represented for the purposes of this litigation.

                                      The Plaintiff
                                      By his attorneys,

                                  /s/ Robert S. Mantell
                                  Kevin G. Powers
                                  BBO# 405020
                                  Robert S. Mantell
                                  BBO# 559715
                                  Rodgers, Powers & Schwartz LLP
                                  18 Tremont Street, Suite 500
                                  Boston, MA 02108
                                  (617) 742-7010, ext. 305
                                  fax (617) 742-7225

<u>Local Rule 37 Certification</u>

      I certify that I consulted with the attorney for defendant, either telephonically, or by letter, on February 6, March 7, March 15 and May 12 for the purpose of narrowing or resolving the issues contained herein.

                                  /s/ Robert S. Mantell

Michelman motion to compel

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN K. MICHELMAN )<br>Plaintiff )<br>v. )<br>SUFFOLK COUNTY SHERIFF'S )<br>DEPARTMENT, and ANDREA J. )<br>CABRAL, IN HER OFFICIAL )<br>AND INDIVIDUAL CAPACITIES )<br>Defendants ) | Civil Action No. 05-CV-11577 |

**DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSIONS**

**PRELIMINARY STATEMENT**

1. Defendant Suffolk County Sheriff's Department has not completed discovery, investigation of the facts, or preparation for trial in this litigation and therefore reserves the right to rely on any facts, documents or other evidence subsequently discovered or which may otherwise come to light during the completion of discovery.

Therefore, Defendant reserves the right to supplement or amend these responses if and when such information is ascertained. Defendant further reserves the right to use or introduce in any hearing or at trial information not known at the time of the responses to these discovery requests, including but not limited to information obtained in the course of discovery in this action.

2. The attached responses are made by Defendant subject to and without in any way waiving Defendant's right to introduce, use, or refer to information which it presently has, but which Defendant has not yet had sufficient time to analyze and evaluate, as well as Defendant's right to amend or supplement the responses in the event that any information previously available is unintentionally omitted from this response.

3. Nothing herein shall be construed as an admission respecting the admissibility or relevance of any information, fact or document, or truth or accuracy of any characterization or statement of any kind contained in Plaintiff's requests.

1

9.  Identify each and every communication and document relating to Plaintiff's qualifications and/or job performance, including without limitation:

    a)  whether Plaintiff was able or qualified to perform his job;
    b)  whether Plaintiff had been satisfying the requirements of his job;
    c)  whether Plaintiff had been or should be warned, counseled, reprimanded, disciplined or terminated.;
    d)  whether Plaintiff has violated any rule or procedure relating to his employment.

Response:   The Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, nonspecific, unfairly vague, ambiguous and therefore not likely to lead to the disclosure of discoverable information. Without waiving and subject to the general and specific objections listed above Defendant states Plaintiff's personnel file may contain some such documents responsive to this request. See also, response No. 18 to Plaintiff's request for production of documents.

10. State each and every fact supporting the Defendant's contention, if it so contends, that the Plaintiff performed any of his jobs or positions with Defendant in an unsatisfactory manner. In response to this interrogatory, provide a description of all instances in which Plaintiff performed in an unsatisfactory manner, including:

    a)  a description of the instance;
    b)  the date and time of the instance;
    c)  the time and location that the instance took place;
    d)  a full identification, including last known addresses and telephone numbers, of all individuals who witnessed each instance; and
    e)  an identification of any document(s) relating to or describing the instance.

Response:   The Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, nonspecific, vague, ambiguous and therefore not likely to lead to the disclosure of discoverable information. Without waiving and subject to the general and specific objections listed above Defendant states that Exhibits 1 and 2 attached to Plaintiff's Requests sets forth some of the reasons why Plaintiff's job performance was unsatisfactory.

11. Identify the full names, work and residential addresses, and work and residential telephone numbers of the following individuals and further identify the attorney, if any, that represents each individual for the purposes of this litigation:

    a)  Andrea Cabral, Sheriff;
    b)  Elizabeth Keeley, Chief of Staff;
    c)  Gerard Horgan, Superintendent;
    d)  Viktor Theiss, Superintendent;
    e)  Eugene Sumpter, Superintendent;

7

f)    Keith Medeiros, Lieutenant
g)    Michael Harris, Superintendent;
h)    Susan Grimes, Assistant Personnel Director;
i)    William Sweeney, Director, Personnel
j)    John Scaduto, Captain;
k)    Charles Abate, Esq.;
l)    James Davin, Esq.;
m)    Captain Richard Brown;
n)    Captain Charles Scoby;
o)    Captain Richard Flynn;
p)    Lieutenant Richard Curtin;
q)    Lieutenant Charles Bailey;
r)    Captain Sherman Horton;
s)    Captain Francis Kain
t)    Lieutenant Robert Pizzi;
u)    Lieutenant Daniel Ryan;
v)    Captain Michael Colwell;
w)    Captain Kevin Janielis;
x)    Captain Richard Coleman;
y)    Lieutenant Matthew Mullen;
z)    Sergeant Richard Rosetti;
aa)    Lieutenant Kevin Pollard;
bb)    Thomas Martin;
cc)    Lieutenant John O'Connor;
dd)    Lieutenant Timothy Fistori;
ee)    Mary Ellen Mastrorelli;
ff)    Clifford Carney, ADS;
gg)    Gerald Walsh, ADS;
hh)    Lieutenant Owen Julius;
ii)    Sheriff Robert J. Garvey;
jj)    Richard Tranfaglia;
kk)    Marie Lockhart;
ll)    Marc Fountain;
mm)    David Agnew; and
nn)    Vincent Morrison.

Response: Defendant objects to the portion of the Interrogatory which requests residential address and phone numbers of staff because, pursuant to M.G.L. ch. 66, §10 (d) "the home address and home telephone number of . . . correctional and any other public safety and criminal justice system personnel shall not be public records in the custody of the employers of such personnel ....and shall not be disclosed." All employees may be reached through counsel for the Defendant. At this time, Defendant has no information regarding independent counsel for any non-employees listed above. Kathleen M. Cawley, counsel for the Defendant represents Sheriff's Department employees for purposes of the instant litigation.

8

a) Andrea Cabral, Sheriff – House of Correction;
b) Elizabeth Keeley, Chief of Staff – House of Correction;
c) Gerard Horgan, Superintendent – House of Correction;
d) Viktor Theiss, Superintendent – House of Correction;
e) Eugene Sumpter, Superintendent – Nashua Street Jail;
f) Keith Medeiros, Lieutenant - Chelsea
g) Michael Harris, Superintendent – House of Correction;
h) Susan Grimes, Assistant Personnel Director – House of Correction;
i) William Sweeney, Director, Personnel – House of Correction;
j) John Scaduto, Captain;
k) Charles Abate, Esq. – House of Correction;
l) James Davin, Esq - Nashua Street Jail;
m) Captain Richard Brown – House of Correction;
n) Captain Charles Scoby – House of Correction;
o) Captain Richard Flynn - Nashua Street Jail;
p) Lieutenant Richard Curtin – House of Correction;
q) Lieutenant Charles Bailey – House of Correction;
r) Captain Sherman Horton – House of Correction;
s) Captain Francis Kain – House of Correction;
t) Lieutenant Robert Pizzi – House of Correction;
u) Lieutenant Daniel Ryan - Nashua Street Jail;
v) Captain Michael Colwell - Nashua Street Jail;
w) Captain Kevin Janielis - Nashua Street Jail;
x) Captain Richard Coleman - Nashua Street Jail;
y) Lieutenant Matthew Mullen - Nashua Street Jail;
z) Sergeant Richard Rosetti - Nashua Street Jail;
aa) Lieutenant Kevin Pollard - Nashua Street Jail;
bb) Thomas Martin - Nashua Street Jail;
cc) Lieutenant John O'Connor - Nashua Street Jail;
dd) Lieutenant Timothy Fistori House of Correction;
ee) Mary Ellen Mastrorelli;
ff) Clifford Carney, ADS - Nashua Street Jail;
gg) Gerald Walsh, ADS - House of Correction;
hh) Lieutenant Owen Julius - House of Correction;
ii) Sheriff Robert J. Garvey;
jj) Richard Tranfaglia;
kk) Marie Lockhart - House of Correction;
ll) Marc Fountain – Chelsea;
mm)   David Agnew- House of Correction; and
nn) Vincent Morrison - House of Correction.

The work information for individuals listed above at the House of Correction is:
    Suffolk County House of Correction
    20 Bradston Street
    Boston, MA 02114
    (617) 635-1000

The work information for the individuals listed above at the Nashua Street Jail is:
    Suffolk County Jail
    200 Nashua Street
    Boston, MA 02114
    (617) 635-1100

The work information for the individuals listed above in Chelsea is:
    Suffolk County Sheriff's Department
    Training Division
    180 Crescent Street
    Chelsea, MA 02150
    (617) 961-6920

The individuals without a designation are no longer employees. Defendant declines to release their last known addresses at this time for the reasons stated above.

12. For each of the following individuals that have been identified by Defendant in its Rule 26 Disclosures Statement as likely possessing discoverable information, describe the information that Defendant believes each such person has, or likely, which is relevant to this case

    a) Andrea Cabral, Sheriff;
    b) Elizabeth Keeley, Chief of Staff;
    c) Gerard Horgan, Superintendent;
    d) Viktor Theiss, Superintendent;
    e) Eugene Sumpter, Superintendent;
    f) Keith Medeiros, Lieutenant;
    g) Michael Harris, Superintendent;
    h) Susan Grimes, Assistant Personnel Director;
    i) William Sweeney, Director, Personnel;
    j) John Scaduto, Captain
    k) Charles Abate, Esq.;
    l) James Davin, Esq.;
    m) Captain Richard Brown;
    n) Captain Charles Scoby;
    o) Captain Richard Flynn;
    p) Lieutenant Richard Curtin;
    q) Lieutenant Charles Bailey;
    r) Captain Sherman Horton;
    s) Captain Francis Kain;
    t) Lieutenant Robert Pizzi;
    u) Lieutenant Daniel Ryan;
    v) Captain Michael Colwell;
    w) Captain Kevin Janielis;

Response:   Defendant object to this request on the ground that is it speculative and not reasonably calculated to lead to the discovery of relevant information. Without waiving and subject to the general and specific objections, Defendant will produce such documents to the extent such documents exists.

7. Each and every communication and document relating to Plaintiff and relating to

   a) whether Plaintiff was able or qualified to perform his job;
   b) whether Plaintiff had been satisfying the requirements of his job;
   c) any and all problems with Plaintiff's work performance;
   d) whether Plaintiff had violated any rules or procedures; and
   e) any warnings, disciplinary notices or job criticisms.

Response:   Defendant objects to this request on the ground that is duplicative, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information. Without waiving and subject to the general and specific objections, Defendants will provide non-privileged documents responsive to this request.

8. Documents relating to all complaints, either formal or informal, written or verbal, alleging that one or more of the following individuals had retaliated against an employee of SCSD because of his or her exercise of a First Amendment right (in violation of 42 U.S.C. §1983), or because the employee engaged in whistleblowing (in violation of G.L. c. 149, §185):

   a) Andrea Cabral;
   b) Elizabeth Keeley;
   c) Viktor Theiss; and
   d) anyone else identified in response to interrogatory 14.

Response:   Defendant objects to this request on the ground that is duplicative, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information. Defendant further object to this Request on the grounds of attorney-client privilege and work product doctrine and the information is available through public sources. Without waiving and subject to the general and specific objections, Defendants will produce a copy the original complaints filed in the cases listed in response to Interrogatory No.16.

9. All statements, affidavits or testimony transcripts of present or former employees of Defendant relating to the subject matter of this case.

Response:   Defendant objects to this request on the ground that is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information. Defendants further object to this Request on the grounds or attorney-client privilege and work product doctrine.

# EXHIBIT 2

# RODGERS, POWERS & SCHWARTZ LLP

| 18 Tremont Street | *ATTORNEYS AT LAW* |
| --- | --- |
| Suite 500 | |
| Boston, MA 02108 | |
| Tel (617) 742-7010 | |
| Fax (617) 742-7225 | |

Robert S. Mantell
E-mail • RMantell@TheEmploymentLawyers.com

March 7, 2006

Kathleen M. Cawley
Asst. General Counsel
Suffolk County Sheriff's Dept.
200 Nashua Street
Boston, MA 02114

    Re:    Michelman v. Suffolk County, SCSD, and Cabral
           C.A. No. 05-CV-11577

Dear Kathy:

    Enclosed please find copies of the deposition exhibits from the Keeley deposition.

    Unfortunately, Mr. Michelman is unavailable on April 13, 2006, which is the day you noticed for his deposition. Both Mr. Michelman and I are available April 18-April 21, 2006, if you would like to chose one of those dates.

    I am waiting to hear from you on proposed dates for the Theiss deposition. Obviously, I am available on those days in April that I just mentioned.

    I would like to initiate another Rule 7.1 conference regarding various discovery issues. At Ms. Keeley's deposition, there was testimony of other relevant documents that Defendant has failed to produce.

    Ms. Keeley testified that there were other e-mails indicative of Mr. Michelman's inappropriate interactions with others. I would like to make sure that a full and complete

www.TheEmploymentLawyers.com

Harvey A. Schwartz, P.C.
Kevin G. Powers, P.C.
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
Linda Evans
Laurie A. Franki
Sara Smolik

search has been completed for those e-mails and/or other communications. I note that this request was the subject of my e-mail of February 23, 2006, to which I have not yet received a response.

Ms. Keeley also testified that she sent a reworded version of Mr. Abate's findings back to Mr. Abate, however, that version of the findings have not been produced. Can you confirm that a full search has been undertaken to find that version? Has Mr. Abate been questioned, and have his records been searched?

Finally, on or about February 8, 2006, we had a LR 7.1/37 conference on Defendants' responses to written discovery.

Interrogatories 9 and 10:   Defendant failed to give substantive answers. I agreed to accept these responses if Defendant agreed to stipulate that the events referenced in Response No. 18 to the request for documents were the only incidents that led to the termination. From the depositions, it does not appear to be the case. Will you supplement the interrogatory responses?

Interrogatory 11:   I agreed to enter into a confidentiality stipulation to receive the information. You have not yet responded.

Interrogatories 12, 13, 14:   I requested a more specific response

Document Request 9: I requested a privilege log.

To date, I have yet to hear your responses to my inquiries. If I do not hear from you in the seven days, I shall be forced to file a motion to compel. Please let me know if there are any issues indicated above that we can resolve cooperatively.

Sincerely,

Robert S. Mantell

cc:   Martin Michelman

Michelman let kcaw2

2