UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN K. MICHELMAN,<br>　　　　　　Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY, SUFFOLK<br>COUNTY SHERIFF'S DEPARTMENT,<br>and ANDREA J. CABRAL, In Her Official<br>And Individual Capacities,<br>　　　　　　Defendants. | Civil Action No. 05-CV-11577-RGS |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND HIS COMPLAINT**

Defendants hereby oppose both of the Plaintiff's Motions for Leave to Amend and Supplement his Complaint.

**I.    FACTS**

Plaintiff is a former Deputy Superintendent of Training and Special Operations at the Suffolk County Sheriff's Department. He was terminated from his at-will position with the Department on June 18, 2004. He filed the instant action in July 2005. Mr. Michelman alleges his termination was in violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution. Plaintiff's original complaint contained one count and was based upon his assertion that his termination was unlawful because it was premised on protected speech relative to a June 10, 2004 training he lead for Sheriff's Department command staff in preparation for the Democratic National Convention.

On May 15, 2006, Plaintiff filed a Motion to Amend his Complaint by asserting additional protected speech that purportedly contributed to his termination. He claims he

1

objected to a decision made relative to in-service training provided to correction officers and that speech caused his termination. Prior to Defendant's response on his First Motion to Amend, Plaintiff filed a Second Motion to Amend his Complaint.[1] The Second Amended Complaint includes a claim under the State Whistleblower Protection Act, MASS. GEN. L. CH. 149 §185. Plaintiff asserts the theories of recovery outlined above, and adds an additional theory that Plaintiff's termination was effectuated because of his refusal to remove Jail Officer John Grennon from the training division.

Defendants oppose both Motions to Amend as untimely and unduly prejudicial, however concentrate their response to Plaintiff Second Motion to Amend as the first Motion to Amend will be moot if the Court allows the Second Motion.

## II.     ARGUMENT

Plaintiff seeks to include additional facts and theories of recovery in his Second Amended Complaint pursuant to Fed. R. Civ. P. 15 (a) and (d).  Once a responsive pleading is filed, a complaint may be amended only with leave of court or with the written consent of the opposing party.  Fed. R. Civ. P. 15 (a).  Although the rule states "leave shall be freely given when justice so requires," this license is not absolute. Id. The District Court may deny a motion to supplement the pleadings under Rule 15 (d), in cases where when doing so, will cause "undue prejudice or delay or trial inconvenience" and will "prejudice the rights of any parties to the action." Structural Systems, Inc. v. Sulfaro, 692 F.Supp. 34, 36 (D. Mass. 1988) citing Bates v. Western Electric, 420 F. Supp. 521, 525 (E.D.Pa.1976).  There is adequate reason for denial if it is apparent that "undue delay, bad faith or dilatory motive on the part of the movant" or

---

[1] When advised by Plaintiff's counsel that he intended to pursue a claim under the Whistleblower statute, the parties agreed that parallel litigation in separate forums was not desirable.

"…undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." is involved. Foman v. Davis, 371 U.S. 178, 182 (1962).

The District Court has discretion to deny a motion to amend a complaint. "The liberal amendment policy prescribed by Rule 15 (a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 51 (1st .Cir. 1998). citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487, at 611 (2d ed.1990). Although Plaintiff's Motion to amend in Acosta-Mestre was denied based on undue delay, an equally adequate reason for denying leave to amend is "undue prejudice" to the opposing party by virtue of allowance of the amendment." Id. at 51 *quoting* Foman v. Davis, 371 U.S, 178, 182 (1962).

Plaintiff has not presented any justification for the undue delay in bringing forward his newest theories and facts. The original complaint in this case was filed on July 27, 2005, over a year after Mr. Michelman's termination. At the pre-termination hearing held June 16, 2004, Michelman, through counsel[2] alleged he was a whistleblower, and that his termination was based on his refusal to remove John Grennon from the training division. The hearing officer rejected both arguments. (See Exhibit 3 to Plaintiff's Second Motion to Amend the Complaint). The Plaintiff now seeks to add these allegations to the Complaint when it is clear that he had knowledge of them at the time the original Complaint was filed. Thus there is no justification for failing to assert such claims at the outset of the case.

Additionally, as indicated in Plaintiff's Motion, the parties filed a Joint Motion to Extend the Discovery Schedule on May 19, 2006. In the event the Court denies that Motion, Defendants would be unduly prejudiced in the preparation of their case by the addition of new factual

---

[2] The attorney at the pre-termination hearing is not the same attorney that currently represents the Plaintiff.

allegation and claims.  *See*, Acosta-Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 52 (1st .Cir. 1998).

Further, the liberal policy for amending pleadings does not mean a trial court must mindlessly grant every request. Aponte-Torres v. University of Puerto Rico, 445 F. 3d 50, 58 (1st Cir. 2006). "When a proffered amendment comes too late, would be an exercise in futility or otherwise would serve no useful purpose, the district court need not allow it." Id. c*iting*, Steir v. Girl Scouts, 383 F.3d 7, 12, (1st Cir. 2004). In the instant case it would be an exercise if futility to allow Plaintiff's Motion to Amend with regard to Defendant Suffolk County Sheriff's Department as the "Sheriff's Department" is not a proper party amenable to suit.  "The Suffolk County Sheriff's Department" is neither a governmental entity, a legal subdivision of Suffolk County, nor a body politic and corporate for purposes of suit. See, Kargman v. Boston Water and Sewer Commission, 18 Mass.App.Ct. 51, 463 N.E.2d 350 (Mass.App. 1984).[3]  The Commonwealth's General Laws are barren of any enabling legislation giving it powers or duties. It simply has no legal status and can neither sue nor be sued.  *See* Morrison v. Lennett, 415 Mass. 857, 859-60, 616 N.E.2d 92, 94 (Mass. 1993) (trust cannot be sued because it is not a legal entity).  Thus Defendant Suffolk County Sheriff's Department is an improper Defendant and opposes both Motions to Amend on that ground.

Finally it would be an exercise in futility to allow the Second Amended Complaint with regard to Defendants Suffolk County Sheriff's Department and Sheriff Cabral in her official capacity as asserted in Count II of *Plaintiff's Second Amended Complaint and Demand for Jury Trial.* In Count II, Plaintiff seeks recovery under the Whistleblower Protection Act. MASS. GEN.

---

[3] Although St. 1992, c. 343 s. § 5 amended c. 258 §1 to include local water and sewer commissions as public employers, the Court has continued to utilize the Kargman analysis. See Lafayfette Place Assoc. v Boston Redevelopment Authority, 427 Mass 509, 649 N.E.2d 820 (1998).

L. CH. 149 §185. The statute prohibits an "employer" from taking retaliatory action against an employee for protected conduct outlined in the statute. MASS. GEN. L. CH. 149 §185 (b). The statute specifically defines employer as:

> the commonwealth, and its agencies or political subdivisions, including but not limited to, cities, towns, <u>counties</u> and regional school districts, or any authority, commission, board or instrumentality thereof" MASS. GEN. L. CH. 149 §185 (a)(2)(Emphasis added.)

Suffolk County is the employer of Sheriff's Department employees. <u>Gordon v. Sheriff of Suffolk County</u>, 411 Mass 238, 242, 580 N.E.2d 1039, 1041 (Mass. 1991). Sheriff Andrea Cabral is a public employee. See MASS. GEN. L. CH. 258 §1. Thus if the Court permits Plaintiff to amend the Complaint and add the Whistleblower Count, Suffolk County would be the only proper Defendant in Count II. In assessing futility, the district court must apply the standard which applies to motion to dismiss under Fed. R. Civ. P. 12 (b) (6). <u>Glassman v. Computervision Corp</u>., 90 F.3d 617, 623 (1st Cri. 1996). Clearly Sheriff Cabral and the Sheriff's Department would be successful in a motion to dismiss claims against them as they are not employers under the Whistleblower Act. The Second Motion to Amend the Complaint should be denied with respect to those Defendants in Count II of *Plaintiff's Second Amended Complaint and Demand for Jury Trial*.

### III.  CONCLUSION

For the reasons listed above, the Court should exercise its discretion and deny both of Plaintiff's Motions to Amend the Complaint.

> Respectfully submitted for,
> Suffolk County, Suffolk County
> Sheriff's Department, and Sheriff
> Andrea Cabral

|  |  |
|---|---|
|  | By, |
| Date: May 25, 2006 | /s/ Kathleen M. Cawley<br>Kathleen M. Cawley<br>BBO#551202<br>Assistant General Counsel<br>200 Nashua Street<br>Boston, MA 02114<br>(617) 961-6680 |